UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| KEITH S. SLAYDON | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:14-cv-00024 |
| | ) | |
| WATER COUNTRY USA, | ) | |
| SEAWORLD ENTERTAINMENT, | ) | By:    Joel C. Hoppe |
| BLACKSTONE GROUP LP | ) |         United States Magistrate Judge |
|     Defendants. | ) | |

REPORT & RECOMMENDATION

       This matter comes before me on Defendant SeaWorld Parks & Entertainment, LLC's ("SeaWorld") Motion to Dismiss for Improper Venue. (ECF No. 4.) Because SeaWorld's argument is foreclosed by the United States Supreme Court's decision in *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953), and the plain language of the federal venue and removal statutes, I respectfully recommend that the Court deny the motion.

       Plaintiff Keith S. Slaydon, according to his complaint, was injured in an accident while riding on the Aquazoid water ride at the Water Country USA theme park in Williamsburg, Virginia in early September 2011. (ECF No. 1-1.) On August 30, 2013, Slaydon sued "Water Country USA," "SeaWorld Entertainment," and "Blackstone Group LP" in the Circuit Court of Rockingham County, seeking $3 million in damages for injuries suffered in the accident. (*Id.*) Although Slaydon mailed a copy of the complaint to each of the Defendants, there is no indication that he has properly served any of them.

       Even though it had not been served, SeaWorld removed the case to this Court on May 30, 2014, invoking the court's diversity jurisdiction, 28 U.S.C. § 1332. (ECF No. 1.) The jurisdictional allegations in the notice of removal are insufficient, and by separate order (ECF

1

No. 11) I have directed the parties to show cause why the case should not be remanded to state court. But while doubts about subject matter jurisdiction prevent the Court from considering the merits of the case, they do not prevent it from considering other threshold issues, including venue. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999))).

The same day it removed the case, SeaWorld filed its Answer, a Motion to Dismiss for Improper Venue, and a brief in support of the motion. (ECF Nos. 2, 4, 5.) SeaWorld argues that venue is improper under 28 U.S.C. § 1391(b) and that dismissal, rather than transfer, is appropriate because Slaydon "completely disregard[ed] applicable venue laws" and made an "obvious mistake[]" by "improperly fil[ing] his action in this district." (ECF No. 5, ¶¶ 6–11, 13–15 (internal quotations omitted).) SeaWorld's venue argument, however, misses the mark as it is based on the wrong statute.

Section 1391 applies only to "civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a)(1). "[Section] 1391 has no application to this case because this is a removed action" that Slayton "brought" in state court. *Polizzi*, 345 U.S. 663, 665–66. "The venue of removed actions is governed by 28 U.S.C. § 1441(a)," which "expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Id.* (quoting 28 U.S.C. § 1441(a)). Slaydon brought this case in the Circuit Court of Rockingham County. "Because [Rockingham] County lies within the [Western District of Virginia], venue is unquestionably proper in this district." *IHFC Properties, LLC v. APA Marketing, Inc.*, 850 F. Supp. 2d 604, 613 (M.D.N.C. 2012).

SeaWorld suggests in a footnote that Slaydon "also improperly laid venue in Harrisonburg [*sic*] Circuit Court pursuant to Va. Code Ann. § 8.01-262 and 264." (ECF No. 5, ¶ 6, n. 1.) But venue in cases removed to the appropriate federal court under § 1441(a) is proper whether or not venue was proper in state court before the case was removed. *St. Clair v. Spigarelli*, 348 Fed. Appx. 190 (8th Cir. 2009) (recognizing that 28 U.S.C. § 1441(f) abrogated doctrine of derivative jurisdiction); *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1298–1300 (11th Cir. 2001); *Roten v. Werst*, No. 1:09cv00036, 2009 WL 1013291, at *1 (W.D. Va. Apr. 15, 2009); *Godfredson v. JBC Legal Group, P.C.*, 387 F. Supp. 2d 543, 556 (E.D.N.C. 2005). Should the case be remanded, SeaWorld may be able to challenge venue in state court. *See, e.g.*, *Ex Parte Burr & Forman, LLP*, 5 So.3d 557, 568–69 (Ala. 2008); *Toliver v. Dallas Fort Worth Hospital Council*, 198 S.W.3d 444, 446–47 (Tex. App. 2006); *Lewis v. Transocean Terminal Operators, Inc.*, 900 So.2d 179, 182–84 (La. App. 2005) (all considering challenges to state court venue after remand from federal court). SeaWorld also may move for transfer to another district for the convenience of the parties and witnesses, in the interest of justice, if it demonstrates proper grounds. 28 U.S.C. § 1404(a). However, the pending motion must be denied because venue is proper in this Court. As such, I **recommend** that SeaWorld's motion to dismiss (ECF No. 4) be **denied**.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings

3

or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record and unrepresented parties.

ENTER: June 30, 2014

Joel C. Hoppe
United States Magistrate Judge